FILED
SUPERIOR COURT
OF GUAM

2013 JUN 25 PM 4: 28

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                    )    CRIMINAL CASE NO. CF0680-11
                                       )
                                       )
              vs.                      )    **DECISION AND ORDER**
                                       )    **ON MOTION TO DISMISS**
                                       )
                                       )
THASKU JOSEPH,                         )
                                       )
              Defendant.               )
                                       )
                                       )
_____)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on March 22, 2013 on Defendant's Motion to Dismiss. The People were represented by Assistant Attorney General Jonathan Quan. Defendant was represented by Attorney Suresh Sampath. After a hearing, the matter was taken under advisement. The Court now issues its Decision and Order.

## BACKGROUND

Defendant Joseph was arrested on June 5, 2011 for driving under the influence and was booked and released. At that time, he was given a citation and a Notice to Appear for May 28, 2014 at 9:00 a.m. On December 7, 2011, Joseph was indicted for Possession of a Schedule II Controlled Substance and a regular summons was to issue for December 28, 2011. Defendant states he never received a summons.

Defendant did not appear on December 28, 2011 and this Court issued a bench warrant on January 4, 2012. Defendant was subsequently arrested on October 4, 2012, when he came to Court for the payment of a traffic ticket. He was arraigned on October 10, 2012. Both Defendant and the People calculate the elapsed time between indictment and arraignment was 308 days. They agree that

**ORIGINAL**

there was a 274-day delay between the issuance of the bench warrant and Defendant's arrest.

Defendant maintains the reason he failed to appear on December 28, 2011 is that he was never served with the Summons resulting from his indictment. He also states he was not aware of the bench warrant issued as a result of his failure to appear. The record is devoid of any attempt to serve the Summons on Defendant. Similarly, there is no record of any attempt to serve the bench warrant.

On January 29, 2013, Defendant filed his Motion to Dismiss the Complaint. He argues there has been a violation of the 60-day rule announced in People v. Rasauo, 2011 Guam 14 (hereinafter, "Rasauo II"). On February 12, 2013, The People filed their Opposition to the motion, arguing there has been no violation of Rasauo II because there is good cause for the delay. As will be discussed below, this Court finds that a violation has occurred and dismissal is proper.

## DISCUSSION

"An arraignment is the first or preliminary step in the progress of a trial and occurs in the early stages of the proceedings. At arraignment, a defendant is read the charges of the complaint, called to answer the accusation contained in the complaint, and is provided a copy of the complaint before taking a plea." People v. Julian, 2012 Guam 26 ¶ 20. "The defendant shall be arraigned promptly after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required." 8 G.C.A. § 60.10.

The Supreme Court of Guam has held that "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." Rasauo II, 2011 Guam 14 ¶ 14. The Supreme Court of Guam also held, "compliance with this new standard continues to require a case by case analysis of whether or not the specific circumstances of any given case show good cause for delay beyond the 60 day period normally required to comply with the law." Id. (internal quotations omitted).

The term "good cause" is not statutorily defined. Julian, 2012 Guam 26 ¶ 21. "Rather, good cause is defined through case law and determined by the facts and

circumstances of each case." _Id_. Here, there more than 300 days elapsed between Defendant's indictment and arraignment. The delay, on its face, is a violation of the rule set forth in Rasauo II. The issue before this Court is whether good cause exists which would excuse the delay.

The Supreme Court of Guam, in People v. Julian, discussed a similar scenario as that found in this case. In Julian, one of the Defendants was issued, but never served, a summons. See Julian, 2012 Guam 26, ¶ 24-26. A second summons was issued and eventually served on the Defendant, albeit past the 60-day deadline. _Id_. The trial Court found there was an inexcusable delay and dismissed the complaint. On appeal, the Supreme Court found no abuse of discretion. _Id_.

As discussed *supra*, the record for this case is devoid of any attempts to serve Defendant Joseph with a summons. Similarly, there is no record of any attempts to serve him with the bench warrant. This issue was also discussed in Julian. "[F]or purposes of prompt arraignment under 8 GCA § 60.10(a) and *Rasauo II* delay we will attribute the court's delay to the People." Julian ¶ 22. While it is true time should toll where defendants are avoiding service, here there was simply no attempt at service found in the record.

Thus, this Court attributes the delay in service to the People. Defendant was not served the summons or the bench warrant. The only date he was given to appear before this Court was in the initial notice to appear on May 28, 2014. The Court finds that the lack of service, attributable to the People, creates no good cause in the 308-day delay between indictment and arraignment. Therefore, dismissal is warranted in this case.

Defendant argues in favor of dismissal with prejudice; the People argue for dismissal without prejudice. Defendant goes to great lengths to argue that violation of Rasauo II requires automatic dismissal with prejudice. This Court does not agree. The Supreme Court in Rasauo II emphasized that "[t]he issue of whether or not the case should be dismissed with or without prejudice should be decided in the first instance by the trial court." 2011 Guam 14 ¶ 16. This Court shall exercise its discretion and find that dismissal without prejudice is appropriate here.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is hereby **GRANTED**. Dismissal shall be without prejudice.

It is **SO ORDERED** this 25th day of June, 2013.

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing original on file in the office of the clerk of the Superior Court of Guam

JUN 25 2013

Amando D. Quitoriano
Deputy Clerk, Superior Court of Guam

**ORIGINAL**